## GEORGE STEWART v. RUFUS B. WAITE.

1. TRIAL BY JUSTICE; *Taking Case Under Advisement; Time.* In cases tried by a justice of the peace without a jury, in which there has been no arrest or attachment, the justice may withhold judgment if he desires until the fourth day after the close of the trial; (General Statutes, p.799, section 115;) but in the computation of time under said section both the day of trial and the day of entering judgment must be counted.

2. ————— *Judgment Not Entered on or Before Fourth Day, Void.* If the justice fails to enter judgment by the fourth day, as above, but does enter it thereafter, it is error, and such error may be corrected by petition in error; and being an error appearing in the final judgment, may be taken advantage of without exception.

### Error from Cowley District Court.

THE only question here is as to the construction of section 115 of the justices act. The facts are fully stated in the opinion. *Stewart* brings the case here on error.

*L. J. Webb*, and *E. S. Torrance*, for plaintiff in error.
*Pryor, Kager & Pryor*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This action was originally brought by Waite before a justice of the peace. The parties appeared before the justice on the 18th of August 1874, and on that day the trial was had and concluded, and the justice held the case under advisement until the 22d of that month. On the day last mentioned the justice rendered and entered judgment in said action in favor of Waite. Stewart filed a petition in error in the district court asking that the judgment of the justice be reversed, assigning as error, that said judgment had been both *rendered* and *entered* one day later than the fourth day after the day on which the cause had been tried by the justice, both days inclusive. At the September term of the district court, on motion of counsel for Waite, the court dismissed the petition in error, on the ground that the judgment of the justice was void, and rendered judgment against Stewart for costs.

It is insisted on the part of the plaintiff in error that the district court erred in dismissing the petition in error, and in not reversing the judgment of the justice for the reason that said judgment was erroneous, in that it was both rendered and entered by the justice subsequent to the time within which it should have been entered in compliance with the requirement of the statute. Sec. 115, ch. 81, of Gen. Stat. reads as follows:

"Upon a verdict, the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be rendered immediately after the close of the trial, if the defendant has been arrested, or his property attached. In other cases it must be entered either at the close of the trial, or, if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

We think the plaintiff in error is right in his construction

of the statute. In order to give force to the last three words of the section, both the day of trial and the day of judgment must be counted. Leaving those words out, and the ordinary rule of computing time, the rule prescribed by statute, (Gen. Stat., p. 771, § 722,) would obtain, and the day of trial would be excluded. Under such a statute the judgment rendered would. have been in time. But these words are in the statute, and cannot be ignored. Effect must be given to every word if possible; and effect can be given only by including *both* days; and the only days named, the only days to which reference is had, are that of trial and that of entering judgment. The judgment therefore was not entered in time. We think too that having been entered out of time, the entry was error compelling a reversal. True, the delay of the justice was but for a single day; but if he may delay one day, he may more, and a party, if that latitude was once given, might find himself compelled to watch from, day to day, for weeks or more, or else run the chance of losing his appeal. The true way is, to hold to the plain provision of the statute. The authorities also favor this rule. Sec. 115, above referred to, was adopted *verbatim* from the laws of the state of Ohio, being section 107 of the justices code of that state; and the supreme court of Ohio, at its December Term 1855, in the case of *Robinson v. Kious and Rowe*, (4 Ohio St. 593,) construed the first clause of that section, viz., that "upon a verdict, the justice must immediately render judgment accordingly." Chief Justice Thurman, delivering the opinion of the court, says: "But judgment must be entered, and that immediately, in compliance with section 107, whether the jury fee be paid or not. The justice has no discretion to postpone judgment upon a verdict to a future day, and if he do so, his judgment, although it may not be void, will be erroneous, and reversible for irregularity and non-compliance with the statute. The court of common pleas was, therefore, right in reversing the judgment in question, and it properly retained the cause, as required by the 532d section of the civil code." This decision is clearly

in point, and sustains us in the opinion we have expressed, that the judgment was not void, as seems to have been the view of the district court, but simply erroneous. * The record discloses no waiver of this error, or consent to such adjournment.

The judgment of the district court will be reversed, and the case remanded with instructions to sustain the petition in error filed therein, and to reverse the judgment of the justice.

All the Justices concurring.