HORTON S. CALLAND, APPELLANT, v. JOHN P. WAGNER, APPELLEE.

FILED MAY 5, 1910.    No. 16,033.

1. **Justice of the Peace: ENTRY OF JUDGMENT.** A justice of the peace, in a case tried without the assistance of a jury, where property has not been attached or the defendant arrested, must render judgment within four days after the close of the trial, and in computing time, under section 1002 of the code, he should include the day of trial and the day of judgment.

2. **Cases Distinguished.** *Keeley Institute v. Riggs*, 5 Neb. (Unof.) 612, and *People's Building, Loan & Savings Ass'n v. Cook*, 63 Neb. 437, distinguished.

APPEAL from the district court for Gage county: JOHN B. RAPER, JUDGE. *Reversed.*

R. W. Sabin, for appellant.

A. E. Howard, Price & Abbott and Rinaker & Kidd, contra.

ROOT, J.

The plaintiff in 1907 contested an application made by the defendant in justice court in Gage county to revive a dormant judgment. The trial concluded November 30, and the cause was taken under advisement by the justice until December 4, upon which day he entered an order of revivor. The plaintiff prosecuted proceedings in error to the district court, and the order made by the justice was affirmed. The plaintiff appeals.

1. The plaintiff contends that the justice did not have jurisdiction to enter an order of revivor on December 4, because the preceding day was the last day within which he could lawfully act in the case. Section 1002 of the code is as follows: "Upon a verdict, the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached; in other cases it must be entered either at the close of the trial, or if the justice then desire further time to consider, on or by the fourth day thereafter, both days inclusive." The defendant contends that the word "thereafter" refers to the day of trial, and argues that the four days did not commence to run in the instant case until the first day after the last day of trial. The plaintiff asserts that the word refers to the trial, and not to the day of trial, and insists that the last three words of the section, "both days inclusive", indicate the legislative will that the day of trial and the day of judgment should be included in the computation. Section 895 of the code provides: "The time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." The defendant insists this section must be considered in connection with section 1002, *supra*, and that jointly considered they support his position. Section 895, *supra*, is general in its application, and does not control where there is a special

provision in a statute directing the method of computing time. *State v. Dewey,* 73 Neb. 396. The provisions of section 1002, *supra,* while peculiar, are definite. The last three words of the statute were employed by the legislature for some purpose, and they can only be given effect by including the day of trial, as well as the day of judgment, in computing time. The statute is identical with the written law of Ohio and of Kansas upon the same subject. The precise point involved in this case does not seem to have been decided in Ohio, but in Kansas it was involved and determined in *Stewart v. Waite,* 19 Kan. 218. The opinion in that case was written by Judge Brewer, and the court holds that the day of trial and the day of judgment should be included in computing time. We have not been cited to any case, construing a like statute, holding contrary to *Stewart v. Waite, supra,* nor have we in the brief time allotted to the case at bar found a contrary decision. We are of opinion that the contention of the plaintiff must be sustained. The justice, therefore, committed reversible error in withholding his judgment until December 4, and the district court erred in sustaining the judgment of the justice of the peace.

2. The precise point determined in the instant case has not been heretofore decided in this court, although it has been incidentally discussed. In *Keeley Institute v. Riggs,* 5 Neb. (Unof.) 612, Mr. Commissioner KIRKPATRICK states that the statute will be satisfied "if judgment is rendered within four days from the final submission of the cause or matter pending before the justice." The language is somewhat ambiguous, but is not necessarily in conflict with our conclusion. In *Keeley Institute v. Riggs, supra,* the parties appeared and contested the case the third day before the entry of the order complained of, so that the point involved in the case at bar was not decided.

In *People's Building, Loan & Saving Ass'n v. Cook,* 63 Neb. 437, it was assumed by both parties that the justice had entered his judgment within the time fixed by section 1002 of the code, but it was argued that said official, by a

misleading statement, induced the defendant to believe the judgment had been entered one day later than the day of judgment, and the defendant, relying on that statement, filed his bond one day too late. The statements in the opinion in the cited case must be considered in connection with the issues involved and decided therein, and the principle of law presented in the instant case was not decided in the cited case.

The other subjects discussed in the defendant's brief have received consideration, but do not control this case, and will not be further mentioned.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.