No. 14,829.

FEUQUAY *v.* INDUSTRIAL COMMISSION ET AL.
(111 P. [2d] 901)

Decided March 17, 1941.

Mr. WILLIAM O. PERRY, Mr. LENNART ERICKSON, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Frank A. Bruno, Assistant, Mr. Gail L. Ireland, Attorney General, Mr. Morry M. Sterling, Assistant, Mr. Harold Clark Thompson, Mr. Louis Schiff, for defendants in error.

*In Department.*

Mr. Justice Otto Bock delivered the opinion of the court.

In this proceeding under the Workmen's Compensation Act, the sole controversy pertains to the question of whether Martha Feuquay, plaintiff in error, to whom we hereinafter refer as claimant, was the wife of Russell Feuquay on June 30, 1939, on which date he met with an accident resulting in his death. The Industrial Commission found that claimant was not the wife of deceased on that date and entered an award denying compensation, which finding and award were affirmed by the lower court. Claimant is here by writ of error, seeking reversal.

One of the findings to which error is assigned as being contrary to law is: "That the claimant herein, was not competent to contract any marriage, either common-law or ceremonious."

The first hearing before a referee of the commission was held at Delta, Colorado, September 20, 1939. At that time, the record discloses, evidence was introduced showing: That claimant caused a summons together with a copy of the complaint in divorce to be served on one Clarence Edwards, who was then her husband; that the complaint was filed in the county court of Delta county December 9, 1938; that the case was tried December 24, 1938. It appearing at this time that the court records indicated that there had been no service upon defendant, the judge suggested that counsel for plaintiff endeavor to secure acceptance of service by

Edwards, and this was obtained and filed December 30, 1938, and an interlocutory decree of divorce was entered January 24, 1939. It seems that the final decree thereafter entered was dated July 24, 1939, and that September 28, 1939, without notice to opposing counsel, the attorney for plaintiff appeared in court, and on his written motion duly filed, the court entered a nunc pro tunc order making the effective date of the interlocutory decree of divorce December 24, 1938, and of the final decree June 25, 1939, which would be five days prior to the death of Russell Feuquay.

August 3, 1939, claimant filed her claim for compensation with the commission, in which she stated that she had been divorced from her former husband January 24, 1939. At the hearing September 20, 1939, it was stipulated by the parties that a certified transcript of the county court records pertaining to the divorce proceedings would be prepared and filed with the commission, and September 29, 1939, in conformity therewith a certified copy of the decree based on the nunc pro tunc order, together with a copy of the final decree dated June 25, 1939, was duly filed.

 We cannot agree with counsel for the commission that there was anything reprehensible about the procurement of the nunc pro tunc order. In our opinion, it was obtained in good faith and in the interest of claimant. We are concerned, however, as to the question of its validity. Section 10, chapter 56, '35 C.S.A., provides in part: "No trial of an action for divorce shall be had until after the expiration of thirty days from the filing of the complaint with the clerk of the court." The complaint in the divorce proceeding here under consideration was filed with the clerk of the county court of Delta county December 9, 1938. The earliest permissible trial date under this section 10 was January 9, 1939. The hearing on December 24, 1938, upon which the nunc pro tunc order was based was, therefore, in violation of the above quoted provision;

consequently no valid judgment could have been entered at that time. Only in cases where the cause is ripe for judgment may the power to enter a nunc pro tunc order be exercised, and then it must relate back to the time when the judgment could legally have been entered. 34 C.J., p. 72, §§ 208, 209; *Perdew v. Perdew,* 99 Colo. 544, 547, 64 P. (2d) 602. Under the facts disclosed by this record and the applicable law the nunc pro tunc order and the decree entered in conformity therewith were invalid. This then leaves the date of entry of the final decree of divorce July 24, 1939, and no valid marriage could have been effectuated between the parties within the lifetime of Russell Feuquay, who died June 30, 1939. In other words, the prohibition contained in section 13, chapter 56, '35 C.S.A.: that during the six months intervening between the entry of the interlocutory decree and the time when the same became final, neither party to the divorce action could contract another marriage, renders nugatory any claim of an existing marriage here.

The finding of the Industrial Commission that claimant was not competent to contract a marriage with Russell Feuquay either under the common or statutory law, was not error and was sufficient to sustain its award.

In view of our conclusions, we deem it unnecessary to discuss other questions raised, including the proposition as to whether the clause in section 10 above recited, prohibiting trial until the expiration of thirty days after the filing of a complaint, is or is not jurisdictional.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE BAKKE and MR. JUSTICE HILLIARD concur.