MICHAEL JAY WYMORE, SR., APPELLANT, V. KATHRYN JULIA WYMORE, APPELLEE.

479 N.W.2d 779

Filed February 7, 1992.   No. 89-857.

S. Caporale for appellant.

Rita L. Melgares, of Qualley & Associates, and, on brief, Joseph Lopez Wilson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This appeal involves a dissolution of marriage proceeding in the Douglas County District Court. On January 27, 1989, the petitioner-appellant, Michael Jay Wymore, Sr., filed a petition for dissolution of his marriage to the respondent-appellee, Kathryn Julia Wymore. The appellee filed a voluntary appearance on March 13, waiving service of process and

reserving her statutory time for filing a responsive pleading. Thereafter, the appellee failed to answer or otherwise plead. The trial court held a hearing on May 10 and the next day entered a default decree dissolving the marriage, awarding custody of the parties' only child to the appellee, and dividing the marital property.

Though the May 11 decree awarded custody to the appellee, it also included a finding that the best interests of the child favored awarding custody to the appellant. In an apparent effort to rectify this inconsistency, the trial court, on May 19, issued an "amended decree" identical in every respect to the May 11 decree except that it awarded custody to the appellant rather than the appellee and changed the finding regarding the place of marriage from "Natchez Adams, Missouri" to "Natchez, Adams County, Mississippi."

The appellee filed a motion on July 5 to set aside the aforementioned decrees. In support of her motion, she alleged that neither party had resided in Nebraska for at least 1 year prior to the filing of the petition, as required by Neb. Rev. Stat. § 42-349 (Reissue 1988), and that she signed the voluntary appearance based on promises by the appellant that he would not seek custody of the child. After an evidentiary hearing was held on August 10, the court granted the appellee's motion, finding that the parties were domiciled in Texas during May 1988. The court also opined that "perhaps the decree . . . was obtained improperly." The appellant perfected an appeal to this court.

On appeal, the appellant argues that the trial court (1) abused its discretion in vacating the decrees, (2) erred in finding that he was domiciled in Texas, and (3) erred in finding that he obtained the default decree by fraud. We do not reach these assignments of error, however. Instead, we sustain the decision vacating the decrees, based upon the trial court's lack of jurisdiction to enter them.

Neb. Rev. Stat. § 42-363 (Reissue 1988) provides in part that "[n]o suit for divorce shall be heard or tried until sixty days after perfection of service of process, at which time the suit may be heard or tried and a decree may be entered." In *Garrett v. State*, 118 Neb. 373, 224 N.W. 860 (1929), this court held that

the waiting period for obtaining a divorce is a jurisdictional requirement. See Comp. Stat. § 42-305 (1929) ("no suit for divorce shall be heard or tried for a period of six (6) months after service has been had or perfected") (repealed by 1933 Neb. Laws, ch. 50, § 2, p. 267). In that case, the wife perfected service of summons on October 19, 1926, and the divorce hearing was held on April 19, 1927. The trial court filed its decree 2 days later. On appeal, this court held that when a certain period of time must elapse before a court is vested with the power to act, "the rule is to exclude the first day and include the whole of the last in said period." *Garrett, supra* at 376, 224 N.W. at 861. Applying this rule, the court concluded that the 6-month period did not end until midnight on April 19, 1927, and thus the trial court's action in hearing, trying, and deciding the case on that date was without jurisdiction and a nullity.

Here, the 60-day period prescribed in § 42-363 began to run on March 13, 1989, the date the appellee filed her voluntary appearance. See Neb. Rev. Stat. § 25-516.01(1) (Reissue 1989) (the voluntary appearance of a party is equivalent to service of process). Under the rule established in *Garrett*, the trial court lacked jurisdiction to hear the case or enter a decree until midnight on May 12, 1989. Therefore, the May 10 hearing and the May 11 decree are null and void. The only remaining question is whether the May 19 decree is invalid as well.

Section 42-363 prohibits *hearing* the case within the prescribed period as well as entering the decree. Logic dictates that a divorce decree based upon evidence adduced at a null and void hearing is itself a nullity, even if it is entered after expiration of the waiting period. See, *Garrett, supra*; *Feuquay v. Industrial Commission*, 107 Colo. 336, 111 P.2d 901 (1941); *Pavell v. Pavell*, 168 S.W.2d 288 (Tex. Civ. App. 1942) (Combs, J., concurring).

The record in this case reveals that the May 19 decree is based upon findings made at the May 10 hearing. Though the May 19 decree states that a hearing was held and evidence was adduced on that date, the trial court's journal entries for May 10 and May 19 clearly reveal that no such hearing occurred. This conclusion is bolstered by the appellant's characterization of the May 19 decree as an "order nunc pro tunc" intended merely

to correct the original decree to accurately reflect the court's findings. We conclude that the trial court relied on the May 10 hearing in issuing its May 19 decree and therefore the latter is a nullity.

The appellee first questioned the trial court's power to enter the decrees during oral argument before this court. However, it is settled that either party may raise the jurisdictional issue at any time. *Anthony v. Pre-Fab Transit Co., ante* p. 404, 476 N.W.2d 559 (1991). Moreover, when the record indicates that the decision of the trial court is correct, although for reasons different from those relied upon below, an appellate court will affirm the trial court's decision. See *Weimer v. Amen*, 235 Neb. 287, 455 N.W.2d 145 (1990). Thus, we affirm the trial court's decision vacating the May 11 and May 19 decrees, on the basis that the trial court lacked jurisdiction to enter them.

AFFIRMED.

CAPORALE, J., not participating.