Ev. LUTHERAN GOOD SAMARITAN SOCIETY, DOING BUSINESS AS ST. LUKE'S GOOD SAMARITAN VILLAGE, APPELLANT, V. BUFFALO COUNTY BOARD OF EQUALIZATION ET AL., APPELLEES.

500 N.W.2d 520

Filed April 29, 1993.    No. S-90-1050.

Kenneth F. George, of State, Yeagley & George, and Eugene T. Hackler and Robert C. Londerholm, Sr., of Hackler, Londerholm, Hinkle, Corder, Martin & Hackler, for appellant.

John L. Jelkin, of Duncan, Duncan, Jelkin & Walker, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

In this appeal, the Evangelical Lutheran Good Samaritan Society (Society) claims that the district court erred when it granted a summary judgment in favor of the Buffalo County Board of Equalization (Board), in which judgment the court found that Society is not exempt from paying property taxes on 32 independent living units or apartments which are a part of St. Luke's Good Samaritan Village, located in Kearney, and personal property used in connection therewith.

Society also claims that the district court for Buffalo County erred when it dismissed "Count II" of Society's second amended petition because the State Tax Commissioner was not named as a defendant. In "Count II" of its second amended petition, Society claimed, for the first time on appeal, that it was discriminated against because its property was not treated the same, i.e., given tax-exempt status, as are other similarly owned and similarly used properties in Nebraska.

This is the second time that the property tax exemption status of Society's property has been before this court. In the first case, *Ev. Luth. Soc. v. Buffalo Cty. Bd. of Equal.*, 230 Neb. 135, 430 N.W.2d 502 (1988) (*Ev. Luth. Soc. I*), this court held that the primary use of Society's property was for low-cost housing and that Society had failed to meet its burden of proof to establish by the evidence that its use of the apartment complex was exclusively for charitable purposes. This court reversed the district court's finding that Society's apartment complex was tax-exempt. The earlier case involved the tax years 1985 and 1986.

Society claims that the tax years involved in the case under consideration here are 1987 and subsequent years. Neither an application for tax exemption nor an affidavit for continued tax exemption was timely filed for the year 1987. Because the application for tax exemption was not filed until after August

15, 1987, the only tax year involved here is 1988. See Neb. Rev. Stat. §§ 77-202.01 and 77-202.03(2) and (4) (Reissue 1990). Without timely compliance with § 77-202.03, neither a county board of equalization nor a court could consider a tax-exemption claim for the year 1989 and subsequent years. As applicable here, when tax-exempt status is granted a property, such exemption shall continue for a period of 4 years. The 4-year period begins with years evenly divisible by four. In each intervening year occurring between application years, the organization or society which filed the granted exemption application must file an affidavit with the county assessor before January 1 certifying that the ownership and use of the exempted property has not changed during the year. § 77-202.03. Obviously, Society's property could not be considered for exemption for 1989 and subsequent years because an affidavit of future ownership and use of the property would not comply with § 77-202.03.

## STANDARD OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Properties Inv. Group v. JBA, Inc.*, 242 Neb. 439, 495 N.W.2d 624 (1993).

Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must furnish sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which

prevents a judgment as a matter of law for the moving party. *Howard v. Blue Cross Blue Shield*, 242 Neb. 150, 494 N.W.2d 99 (1993).

## SUMMARY JUDGMENT

Here, there is no genuine issue of material fact. The uncontroverted facts are the same as they were in *Ev. Luth. Soc. I*, with one addition, that Society again formally became an affiliated agency of the American Lutheran Church and the Lutheran Church in America, which bodies merged into the Evangelical Lutheran Church of America in 1988.

In *Ev. Luth. Soc. I*, 230 Neb. at 141, 430 N.W.2d at 505-06, citing *County of Douglas v. OEA Senior Citizens, Inc.*, 172 Neb. 696, 111 N.W.2d 719 (1961), we held that "[p]roperty which is owned and used primarily for the purpose of furnishing low-rent housing is not entitled to exemption from taxation as property which is owned and used exclusively for charitable purposes." No additional facts have been presented in this case to challenge that holding.

In the case under consideration, Society has also alleged that the property is being utilized exclusively for religious purposes and is therefore exempt from property tax. See Neb. Rev. Stat. § 77-202(1)(c) (Reissue 1990). We have interpreted this statute to mean that the primary or dominant use of the property, and not an incidental use, is controlling in determining whether a property is exempt from taxation. See *Christian Retirement Homes, Inc. v. Board of Equalization*, 186 Neb. 11, 180 N.W.2d 136 (1970).

When asked by the Board in an interrogatory to describe any changes in the religious use of its apartments since 1986, Society responded:

> Although the plaintiff Society, has always considered its activities to be in furtherance of its religious mission and religious purpose since its founding by Lutheran ministers and laymen in 1922, the Society did become formally re-affiliated as an "affiliated" agency of the American Lutheran Church and the Lutheran Church in America, in 1986, which bodies later merged into the Evangelical Lutheran Church of America in 1988. This formalizes and

establishes the use of the subject property as being in direct furtherance of the religious mission of the Lutheran Church (ELCA) acting through this arm of the Church. The residents in the apartments are encouraged to participate in the various religious services and activities conducted on the premises of the overall Village property, and are also assisted in attending other religious services and programs upon request.

As the district judge properly pointed out:

This statement appears to be the only evidence in support of a religious purpose for the [Society] offered in the evidence submitted on the Application for Summary Judgment. Unfortunately for [Society] the mere allegation of affiliation does not tend to prove or establish the "furtherance of the religious mission of the Lutheran Church."

The interrogatory and Society's response were received in evidence at the summary judgment hearing.

As a matter of law, the encouragement of tenants to participate in religious services or to attend other religious services off-premises would not in and of itself constitute the rental of the apartments as exclusive for religious purposes or be capable of being deemed sufficient to overcome a county board of equalization's finding that the primary purpose of the rentals was to furnish low-rent housing, which is not entitled to exemption from taxation as property owned and used exclusively for religious purposes. The record fails to reflect any evidence that Society's apartments are owned or used primarily or dominantly for religious purposes.

Society directs our attention to the supplemental transcript containing the "Report on Pretrial Conference," to which is attached a list of witnesses and an outline of their expected testimony along with a list of exhibits to be presented at trial. Society did not present this or any other evidence at the hearing on the Board's motion for summary judgment. Nonetheless, Society claims that the district court erroneously entered summary judgment based solely upon the four exhibits entered into evidence at the hearing. Society argues that in doing so, the court shifted the burden of proof onto Society, the nonmoving

party.

After the Board presented facts entitling it to judgment as a matter of law, Society had the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the Board. Society failed to present any evidence at the hearing. The trial court was correct in granting summary judgment in favor of the Board.

## MOTION TO DISMISS

Although we disagree with the trial court's reasoning that the Tax Commissioner is a necessary party to the action, we conclude that the district court was correct in granting the Board's motion to dismiss "Count II" of the second amended petition.

When the record indicates that the decision of the trial court is correct, although for reasons different from those relied upon below, an appellate court will affirm the trial court's decision. *Wymore v. Wymore*, 239 Neb. 940, 479 N.W.2d 778 (1992). As applicable here, the statutes contemplate involvement of the Tax Commissioner only at the commissioner's discretion. See Neb. Rev. Stat. §§ 77-202.04 and 77-202.06 (Reissue 1990).

In "Count II," Society alleges, in summary, that comparable properties owned by similar organizations in the State of Nebraska are exempt from taxation. As a result, Society claims that the Board's decision denying it tax-exempt status violated Society's (1) right to equal treatment under the law as guaranteed by article VIII, § 1, of the Nebraska Constitution, and (2) right to equal protection as provided by the 14th Amendment to the U.S. Constitution.

## ANALYSIS

A county board of equalization is an administrative agency of the county. *Speer v. Kratzenstein*, 143 Neb. 310, 12 N.W.2d 360 (1943). As an administrative agency, a county board of equalization has no authority to determine the constitutionality of an act of the Legislature. See *In re Applications A-16027 et al.*, 242 Neb. 315, 495 N.W.2d 23 (1993). That being true, a constitutional challenge to an act of the Legislature may be raised initially on appeal from a decision of a county board of equalization. See *Metropolitan Utilities Dist. v. Merritt Beach*

*Co.*, 179 Neb. 783, 140 N.W.2d 626 (1966).

In the appeal under consideration, neither of the complaints contained in "Count II" of Society's second amended petition on appeal embrace a constitutional challenge to a legislative act. It is noted that the designation of "Count II" is foreign to the nomenclature used in this state's civil procedure to designate a cause of action. When there are multiple causes of action pleaded in civil proceedings, they should be designated numerically as "First Cause of Action," etc. Although Society attempts to set forth two causes of action in this case, it has pleaded but one, i.e., that Society's property is tax-exempt. "Count I" sets forth one theory of recovery. "Count II" merely recites additional theories or alleged factual reasons for recovery. See *Interholzinger v. Estate of Dent*, 214 Neb. 264, 333 N.W.2d 895 (1983). Taken in the context of the appeal in this case, the complaints embrace factual questions or reasons why Society claims its property should be exempt from taxation. That being true, these factual questions or reasons for granting tax-exempt status to Society's property should have been raised initially before the Board. Since they were not, they could not be raised in Society's appeal to the district court.

An appeal from a denial of exemption from taxation for real or tangible personal property is made pursuant to § 77-202.04 and Neb. Rev. Stat. §§ 77-1510 and 77-1511 (Reissue 1990). Under § 77-1511, an appeal to the district court concerning a decision of a county board of equalization is a trial de novo, *but only the tax liability questions raised before the board of equalization are questions for adjudication by the district court in its appellate jurisdiction. Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal.*, 237 Neb. 1, 465 N.W.2d 111 (1991). See, also, *Gordman Properties Co. v. Board of Equal.*, 225 Neb. 169, 403 N.W.2d 366 (1987) (a district court, acting in its appellate capacity, is without power to adjudicate a question of uniformity and proportionality or any other factual question when such question or questions have not been presented to the county board of equalization).

Since the district court, acting as an appellate court, lacks the power, that is, jurisdiction to adjudicate the questions raised in "Count II" of Society's second amended petition on appeal, a

higher appellate court also lacks the power to adjudicate those complaints. See *Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal., supra*. The district court was correct in dismissing the complaints in "Count II" of Society's appeal, not for the reason the district court gave, but for the reasons hereinbefore set forth.

The judgment of the district court for Buffalo County is affirmed.

AFFIRMED.