objection to the scope of the State's examination on recross-examination. We also find any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

AFFIRMED.

---

State of Nebraska, appellee, v.
Tim R. Wulf, appellant.
___ N.W.2d ___

Filed July 22, 2014.    No. A-13-288.

1. **Rules of Evidence.** In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility.

2. **Evidence.** Determining the relevancy of evidence is a matter entrusted to the discretion of the trial court, and the trial court's decision will not be reversed on appeal absent an abuse of discretion.

3. **Judgments: Collateral Attack.** When a judgment is attacked in a manner other than by a proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack.

4. **Collateral Attack: Jurisdiction.** Collateral attacks on previous proceedings are impermissible unless the attack is grounded upon the court's lack of jurisdiction over the parties or subject matter.

5. **Courts.** Vertical stare decisis compels lower courts to follow strictly the decisions rendered by higher courts within the same judicial system.

6. **Judgments: Jurisdiction.** A decree of court which is void for want of jurisdiction may be attacked in any proceeding in which any person seeks to assert a right under it. It may be attacked whenever it is sought to be enforced, or in any suit in which its validity is drawn in question.

7. **Courts: Jurisdiction.** Under the doctrine of jurisdictional priority, where different state courts have concurrent original jurisdiction over the same subject matter, basic principles of judicial administration require that the first court to acquire jurisdiction should retain it to the exclusion of another court. That is, a second court lacks jurisdiction over the same matter involving the same parties.

8. **Double Jeopardy: Evidence: New Trial: Appeal and Error.** If reversible error exists in a criminal proceeding, an appellate court must determine whether the totality of the evidence admitted by the trial court was sufficient to sustain the conviction. If it was not, then the concepts of double jeopardy would not allow a remand for a new trial.

9.   ____: ____: ____: ____. The Double Jeopardy Clause does not forbid a retrial so long as the sum of all the evidence admitted by a trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict.

Appeal from the District Court for Washington County: DANIEL E. BRYAN, JR., Judge. Reversed and remanded for a new trial.

Steven W. Holland, of Holland Law Office, P.C., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Tim R. Wulf was convicted in the Washington County District Court of theft in excess of $1,500. On appeal, he challenges the court's decision to allow into evidence a judgment from the Washington County Court and an execution of the judgment issued by the Washington County District Court. He also claims he should have been allowed to introduce evidence to collaterally attack the judgment and execution. We find the district court abused its discretion in refusing to allow a collateral attack on the judgment and, therefore, reverse Wulf's conviction and remand the cause for a new trial.

## BACKGROUND

On January 12, 2012, Wulf was charged by information with theft of corn crops in violation of Neb. Rev. Stat. § 28-511 (Reissue 2008). Ownership of the land upon which the crops grew has been the subject of extensive litigation, beginning in 2002. A general overview of the various judicial proceedings involving the crops and the land on which they grew is set forth below.

*Prior Proceedings.*

Percy Hue was the original owner of the three parcels of land at issue in this litigation. Wulf was a beneficiary of Hue's

last will and testament, which was admitted to formal probate by the Washington County Court in July 2002.

In February 2004, the personal representative of Hue's estate filed an action against Wulf and various others in the Washington County District Court to quiet title to the land. The district court determined that the personal representative of the estate was the fee simple title holder of the parcels of land. That decision was appealed to this court in case No. A-06-951. On October 30, 2007, we reversed, and remanded to the district court for further proceedings.

During the pendency of the appeal, the personal representative of the estate filed a separate action in the Washington County Court against Wulf, alleging that Wulf had wrongfully occupied the premises, despite receiving notice to leave. The personal representative sought restitution of the land and rents and profits from 2002 through 2006. After remand of the quiet title case to the district court, and while that case was still pending, the county court entered a $103,609 default judgment against Wulf in the restitution action. As a result of the restitution judgment, the personal representative obtained a writ of execution from the Washington County District Court and levied on the crops.

Wulf was personally served with the execution, and a sign was posted in front of the parcels of land indicating that the property had been seized; however, Wulf harvested the crops sometime in November 2009.

*Current Proceedings.*

Wulf was charged with theft in excess of $1,500 for the harvesting of the crops. Prior to trial, Wulf filed a motion in limine asking that the court prohibit the State from introducing the restitution judgment and execution as evidence at trial. He also sought to exclude any evidence that the estate owned the parcels of land. The State also filed a motion in limine asking that the court prohibit Wulf from introducing evidence at trial regarding ownership of the parcels of land or any contest to the judgment and execution. Wulf argued that the judgment was invalid, because the county court did not have jurisdiction to enter it, and that therefore, the subsequent execution was

also invalid. The court denied Wulf's motion and granted the State's motion, finding that the evidence the State sought to prohibit was inadmissible, because it was immaterial and irrelevant to the issue in the criminal proceeding.

Wulf was ultimately convicted of theft. He now timely appeals to this court.

## ASSIGNMENTS OF ERROR

Wulf assigns, consolidated and renumbered, that the district court erred in (1) admitting the restitution judgment and the execution into evidence and (2) excluding Wulf's evidence to collaterally attack the judgment and execution.

## STANDARD OF REVIEW

[1,2] In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *State v. Ely*, 287 Neb. 147, 841 N.W.2d 216 (2014). Determining the relevancy of evidence is a matter entrusted to the discretion of the trial court, and the trial court's decision will not be reversed on appeal absent an abuse of discretion. See *id*.

## ANALYSIS

Wulf argues that the district court erred in admitting the county court's judgment and the district court's execution into evidence because the judgment was void. He claims that the district court acquired jurisdiction to determine ownership and title to the parcels of land first and that therefore, the county court lacked subject matter jurisdiction when it entered the judgment against Wulf. He asserts that because the county court lacked jurisdiction, its judgment was void and inadmissible. Likewise, he claims that because the county court's judgment was void, it could be collaterally attacked at any time, and that thus, the court erred in excluding his evidence at trial which challenged the validity of the county court's judgment.

[3,4] Because Wulf's arguments on all three assigned errors hinge on his assertion that the judgment and execution were

invalid, we first address whether a civil judgment may be collaterally attacked in a criminal proceeding. When a judgment is attacked in a manner other than by a proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). Collateral attacks on previous proceedings are impermissible unless the attack is grounded upon the court's lack of jurisdiction over the parties or subject matter. *Id*.

Wulf claims that the county court lacked subject matter jurisdiction and that therefore, the restitution judgment was void. He relies on *State v. Smith, supra*, for the proposition that a judgment entered by a court which lacks subject matter jurisdiction is void and may be attacked at any time in any proceeding.

[5] The trial judge refused to allow the collateral attack, stating that the civil judgment could not be attacked "in this type of proceeding." While we agree with the trial judge that a collateral attack of a civil judgment in a criminal case is unusual, we are bound by stare decisis to abide by Nebraska Supreme Court precedent. See *State v. Hausmann*, 277 Neb. 819, 765 N.W.2d 219 (2009) (vertical stare decisis compels lower courts to follow strictly decisions rendered by higher courts within same judicial system). Therefore, given Nebraska precedent, we determine that Wulf should have been allowed to collaterally attack the county court's restitution judgment in his criminal trial. See *Garrett v. State*, 118 Neb. 373, 224 N.W. 860 (1929).

*Garrett* involved a petition in error. Robert Garrett had been convicted of murder in the first degree. At the criminal trial, Clara Garrett testified against him. Robert and Clara had been married, but prior to the trial, she had filed for divorce and a decree was filed. Robert objected to her testimony on the basis that he and Clara were still married at the time of trial, because the divorce decree was entered less than 6 months after he was served with the divorce summons, in violation of state statute. He claimed the decree was void because the court did not have jurisdiction to render it. The trial court overruled his objection.

[6] In the petition in error proceeding, the Nebraska Supreme Court concluded that the divorce decree was void because the district court was without jurisdiction to hear the case before the 6-month time period expired. It further stated:

> A decree of court which is void for want of jurisdiction may be attacked in any proceeding in which any person seeks to assert a right under it. It may be attacked whenever it is sought to be enforced, or in any suit in which its validity is drawn in question.

*Id*. at 378, 224 N.W. at 862. As a result, the court concluded that the objection to Clara's testimony should have been sustained and the testimony excluded.

[7] In the present action, Wulf asserted that the county court did not have jurisdiction over the restitution case, because the quiet title action was already pending in district court, and that therefore, the judgment was void. Under the doctrine of jurisdictional priority, where different state courts have concurrent original jurisdiction over the same subject matter, basic principles of judicial administration require that the first court to acquire jurisdiction should retain it to the exclusion of another court. That is, a second court lacks jurisdiction over the same matter involving the same parties. *Molczyk v. Molczyk*, 285 Neb. 96, 825 N.W.2d 435 (2013).

The quiet title action was brought by the personal representative against Wulf and others in district court, seeking to quiet title in the estate to three parcels of land. Subsequent to the filing of the district court action, the personal representative brought suit in county court against Wulf, claiming ownership of the land and seeking restitution for its use. Under the doctrine of jurisdictional priority, it would appear that the district court had jurisdiction of the issues raised in both actions and that the restitution judgment was void. Under the principle set forth in *Garrett v. State, supra*, Wulf should have been allowed to collaterally attack the county court judgment when it was offered against him in the criminal proceeding.

The dissent in *Garrett v. State*, 118 Neb. 373, 224 N.W. 860 (1929), argued that the divorce decree was evidence of Clara's divorce in the criminal proceeding and that if there was to be

an attack on the decree, it should have occurred in a direct appeal. The argument is nearly identical to that of the State in the present action, and therefore, it is rejected.

Wulf also argues that he should have been able to collaterally attack the execution that was issued by the district court. We do not find *Garrett* controlling on this issue because it involved judgments from two equal courts, whereas here, the execution was issued by the district court and the criminal proceedings were conducted in the county court. We decline to address a county court's authority to inquire into the validity of a district court's proceedings, because resolution of the issue is not necessary to resolve this appeal. See *State v. Smith*, 284 Neb. 636, 822 N.W.2d 401 (2012).

Having decided that the trial court abused its discretion in prohibiting Wulf from collaterally attacking the restitution judgment, we must decide whether this constituted reversible error. The State relied upon the judgment to prove the essential elements of the crime of theft. Without Wulf's being able to collaterally attack it, the jury was presented with the judgment as conclusive proof that the land in question belonged to the estate, that the personal representative was entitled to the rents and profits in the amount of $103,609, and that Wulf was indebted to the estate in that amount. We conclude that this constitutes reversible error.

[8,9] Having found reversible error, we must determine whether the totality of the evidence admitted by the district court was sufficient to sustain Wulf's conviction. If it was not, then the concepts of double jeopardy would not allow a remand for a new trial. See *State v. Borst*, 281 Neb. 217, 795 N.W.2d 262 (2011). The Double Jeopardy Clause does not forbid a retrial so long as the sum of all the evidence admitted by a trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict. *State v. Borst, supra*.

The evidence presented was sufficient to prove that the crops harvested by Wulf were property of another, that Wulf exercised control over them with the intent to benefit himself or another, and that the crops had a value of more than $1,500. The cause should therefore be remanded for a new trial.

## CONCLUSION

For the foregoing reasons, we find the trial court abused its discretion in prohibiting Wulf from collaterally attacking the county court's judgment. We therefore reverse the conviction and remand the cause for a new trial.

Reversed and remanded for a new trial.

---

Dwayne Sartain and Lisa Sartain, appellants and cross-appellees, v. Wohlenhaus Appraisal Service and Dan Spence, appellees, and Countrywide Home Loans, a foreign corporation, appellee and cross-appellant.

___ N.W.2d ___

Filed July 22, 2014.    No. A-13-346.

1. **Dismissal and Nonsuit: Judgments: Appeal and Error.** Denial of a plaintiff's voluntary dismissal of claims presents a question of law, regarding which the appellate court reaches a conclusion independent of the lower court's ruling.
2. **Dismissal and Nonsuit.** An action may be dismissed without prejudice to a future action by the plaintiff, before the final submission of the case to the jury or to the court where the trial is by the court.
3. **Words and Phrases.** A final submission of a case contemplates a submission on both the law and the facts, and it exists only when nothing remains to be done to render it complete.
4. **Directed Verdict: Dismissal and Nonsuit.** After a defendant has moved for a directed verdict and both counsel have completed their argument on that motion, a case is under final submission as contemplated in Neb. Rev. Stat. § 25-601 (Reissue 2008), and the plaintiff no longer has an absolute right to dismiss without prejudice.
5. ____: ____. If a motion for directed verdict is made at the close of the plaintiff's case, the plaintiff loses the absolute right to dismiss without prejudice until such time as the court overrules the motion.
6. **Directed Verdict.** A motion for directed verdict is a request for the court to decide, as a matter of law, whether there are any questions of fact for a jury to decide.
7. **Summary Judgment.** In a motion for summary judgment, the court is requested to determine as a matter of law that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.
8. **Dismissal and Nonsuit.** A plaintiff has an absolute right to dismiss any time before final submission of the case, and when such right exists, the court can only exercise discretion in denying dismissal when it would result in the loss of a substantial right of the defendant.