STATE OF NEBRASKA, APPELLEE, V. RONALD E.
REUTER, APPELLANT.
343 N.W.2d 907

Filed January 27, 1984. No. 83-429.

Richard L. Kuhlman, for appellant.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Following a bench trial, defendant-appellant, Ronald E. Reuter, was adjudged guilty of intentionally failing, refusing, or neglecting to support his four minor children in violation of a court order. He was

sentenced to imprisonment for a term of 1 year. This appeal followed. We affirm.

On October 3, 1977, the district court for Saunders County entered a decree which found that the court had jurisdiction of the parties and of the subject matter, that defendant was in default, that defendant and Beverly J. Reuter were married on September 28, 1968, and that they had produced four children. The decree dissolved the marriage and ordered defendant to "pay child support, through the Clerk of the District Court of Saunders County, Nebraska, the sum of $20.00 per week, per child, a total of $80.00 per week."

Since the entry of that decree, defendant moved to Oklahoma, where he was employed as a truckdriver. A URESA action was commenced in Dodge County in 1979 and was referred to the Oklahoma authorities. Defendant had made no child support payments prior to that action. After the URESA order was entered, Dodge County and the State of Nebraska, which have regularly made payments under the aid to families with dependent children program since 1981 and at times prior to that, received reimbursement in the sums of $700 in 1979, $2,000 in 1980, $2,052 in 1981, and $400 in 1982. No payments were received in 1983, although a prospective $1,848 federal income tax refund due defendant has been intercepted by the Nebraska Department of Social Services. Public funds in excess of $13,000 have been expended since 1980 in payments under the aid to families with dependent children program.

On March 19, 1983, defendant arrived in Fremont to visit his children as he was passing through town in the course of his employment as a truckdriver. He was later arrested and charged with the crime which is the subject matter of this appeal.

The assignments of error which defendant argues present the following issues: (1) Is the evidence sufficient to support the conviction? (2) Did the information contain prejudicial statements? (3) Does

the sentence constitute an unconstitutional imprisonment for debt? and (4) Is the sentence disproportionate, and thus cruel and unusual?

Neb. Rev. Stat. § 28-706 (Reissue 1979), the statute under which defendant was charged, reads in pertinent part as follows: "(1) Any person who intentionally fails, refuses, or neglects to provide proper support which he knows or reasonably should know he is legally obliged to provide to a spouse, minor child, minor stepchild, or other dependent, commits criminal nonsupport.

. . . .

"(6) Criminal nonsupport is a Class IV felony if it is in violation of any order of any court." A Class IV felony is punishable by a maximum 5 years' imprisonment, or a $10,000 fine, or both such imprisonment and fine. There is no minimum penalty. Neb. Rev. Stat. § 28-105 (Reissue 1979).

In his attack on the sufficiency of the evidence, defendant makes three arguments. The first is that he has no legal obligation to support the children. His claim is that since he and his wife were not legally married, his children were born out of lawful wedlock, and since no paternity action was brought within 4 years of the children's births, as required by Neb. Rev. Stat. § 13-111 (Reissue 1977), his obligation is a moral one only.

Defendant does not dispute the fact that the children are his; in fact, he acknowledges that they are. Whatever the impact of the 4-year statute of limitations to which he refers may be, it in no way limits the liability of a father to support his acknowledged children born out of lawful wedlock. The liability of a father to such children is the same as that of a father of children born in lawful wedlock. Neb. Rev. Stat. § 13-102 (Reissue 1977).

The second argument defendant makes concerning the sufficiency of the evidence is that it does not show he was able to support his children on March 1, 1983, as was charged by the information, and that

absent some showing he was capable of supporting his children, it could not be found that he intentionally failed, refused, or neglected to provide such support.

The evidence establishes that defendant was capable of working, was employed, and earned at least $1,000 per month. In support of defendant's argument that his ability to support his children was not established, he claims that his debts exceeded his income. He lists among his debts the sum of $329 due each month as payment on two motor vehicles. The support of one's children is a fundamental obligation which takes precedence over almost everything else and certainly over the acquisition of vehicles. Nor are we persuaded by defendant's lamentations that he has incurred hospital expenses on behalf of his current wife and the child he and she have produced. Taking on a second set of obligations does not forgive fulfillment of the first set. See, *Shipley v. Shipley*, 175 Neb. 119, 120 N.W.2d 582 (1963), and *Phillips v. Phillips*, 162 Neb. 649, 77 N.W.2d 152 (1956), stating that the remarriage of a father does not relieve him of child support obligations fixed by a divorce decree.

Defendant's last attack on the sufficiency of the evidence rests on the claim that the divorce decree and support order were void, since he and the children's mother were never legally married. The difficulty with that position, from his point of view, is that a judgment is not subject to collateral attack unless that attack rests upon a lack of jurisdiction over the parties or of the subject matter. *Schilke v. School Dist. No. 107*, 207 Neb. 448, 299 N.W.2d 527 (1980). His reliance upon *Garrett v. State*, 118 Neb. 373, 224 N.W. 860 (1929), for the proposition that the decree of dissolution is subject to collateral attack in this case is misplaced. In *Garrett* the trial court undertook to hear the divorce case within 6 months, in spite of a statute which provided that " 'no suit for divorce shall be heard or tried for a period of six (6) months after service has been had or perfected.' "

*Id.* at 376, 224 N.W. at 862. Thus, *Garrett* presented a case where, because the trial court acted prematurely, it was without jurisdiction. That is not the situation in the instant case. The district courts of this state are given original jurisdiction to dissolve marriages. Neb. Rev. Stat. § 42-348 (Reissue 1978). Therefore, the district court was within its statutory powers when acting to dissolve the marriage alleged in the petition before it, an allegation which defendant did not dispute at that time. Neither does Reuter claim that the court lacked personal jurisdiction over him. What defendant mistakes for a jurisdictional requirement is merely a question of fact, which was determined against him and which is not collaterally assailable.

The fact of the matter is the evidence is sufficient to support defendant's conviction of felony nonsupport of his children. It establishes as well that he deliberately elected to ignore his obligations as a father and thereby forced his children to resort to public welfare for survival.

The information filed in the trial court reads in pertinent part as follows: "On or about 1st day of March, 1983, in Dodge County, Nebraska, the above-named defendant then and there being, did then and there intentionally fail, refuse, or neglect to provide proper support which he knew or reasonably should have known he was legally obliged to provide, to his spouse, minor child, minor stepchild, other dependent, to-wit: *Defendant has failed to comply with his obligation to pay $20.00 per week per child for the needs of his four minor children, as ordered by the District Court of Saunders County, Nebraska,* on October 3, 1977 in violation of Section 28-706(1) R.R.S. Neb., a Class IV Felony." (Emphasis supplied.) Defendant argues that the emphasized words in the information should have been stricken or, alternatively, that the information should have been quashed, as he had moved.

Since failure to abide by a court order to provide

support is a necessary element of the felony crime of nonsupport, we find the contention impossible to understand. The gist of the argument appears to be that the "$20.00 per week per child" language is prejudicial in that there was no proof that amount of support is actually required by his children and, further, that the language is such that Reuter could have been convicted of a crime for what was a civil contempt of a support order. A single act may give rise to both civil and criminal sanctions. As of March 1, 1983, Reuter was not contributing any amount of money toward his children's support and had not since at least September of the previous year. The office of an information is to inform the accused, with reasonable certainty, of the charge being made against him in order that he may prepare his defense thereto and be able to plead the judgment rendered thereon as a bar to a later prosecution for the same crime. Neb. Rev. Stat. §§ 29-1501 and 29-1604 (Reissue 1979); *State v. Last*, 212 Neb. 596, 324 N.W.2d 402 (1982). The information fulfilled its purpose and in no way prejudiced defendant's rights.

Next, defendant argues that his sentence violates article I, § 20, of the Nebraska Constitution. That section provides: "No person shall be imprisoned for debt in any civil action on mesne or final process, unless in cases of fraud."

This issue was long ago decided against defendant's position in *Fussell v. State*, 102 Neb. 117, 166 N.W. 197 (1918). There, Fussell was convicted under a nonsupport statute. This court stated at 121, 166 N.W. at 199: "We do not think the allowance for the support of defendant's minor child bears any resemblance whatever to a debt, and therefore the constitution does not forbid imprisonment for the defendant's refusal to obey the order of the court."

Lastly, defendant argues that his sentence is cruel and unusual, in that it is disproportionate. He urges that, as such, the sentence violates the eighth

amendment to the U.S. Constitution and article I, § 9, of the Nebraska Constitution, both of which prohibit the infliction of "cruel and unusual" punishment. He urges further that the sentence violates the requirement of article I, § 15, of the Nebraska Constitution, which provides that all "penalties shall be proportioned to the nature of the offense."

No matter how cast, the argument in essence is that the sentence imposed is an excessive one.

The rule is that a sentence will not be set aside if it is within statutory limits unless there was an abuse of discretion by the trial court. *State v. Pierce and Wells*, 215 Neb. 512, 340 N.W.2d 122 (1983).

Defendant's argument seems to be that since it is common for fathers not to support their children, his 1-year prison sentence is disproportionate to his crime. This argument confuses the gravity of an offense with its frequency of occurrence. To abandon one's children to a life of poverty and reliance upon public charity is a heinous and ignoble offense and is to be treated as such. The record shows no abuse of discretion by the trial judge which worked to defendant's prejudice.

None of defendant's assignments of error having merit, the judgment and sentence of the trial court are affirmed.

AFFIRMED.