**Danny DAVIS, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 3–485A80.**

Court of Appeals of Indiana,
Third District.

Aug. 15, 1985.

---

David E. Vandercoy, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Danny Davis was charged and convicted of nonsupport of a child, a Class D felony, pursuant to IND. CODE § 35–46–1–5. He appeals the judgment of conviction and raises three issues for this Court to review:

(1) whether the trial court erred when it ruled that Davis carried the burden of proving by a preponderance of the evidence that he was unable to provide support;

(2) whether the trial court's ruling that Davis carried the burden of proving his inability to provide support violates the IND. CONST. Art. 1, § 22 ban on imprisonment for debts; and

(3) whether the trial court erred in refusing Davis' tendered Instruction No. 4.

The statute under which Davis was charged and the defense which he raised therein, provide in pertinent part:

"35–46–1–5.... (a) A person who knowingly or intentionally fails to provide support to his dependent child commits nonsupport of a child, a class D felony.

\* · \* \* \* \* \*

(d) It is a defense that the accused person was unable to provide support."

Davis initially contends that the trial court erred when it ruled that he had the burden of proving that he was unable to provide support. He argues that once he raised the inability defense, the State was required to disprove the defense in order to prove that an offense occurred. Davis claims that shifting the burden of proof to him violates both Indiana law and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

In support of his contention, Davis relies heavily upon the decisions rendered in *Patterson v. New York* (1977), 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281, and *Ward v. State* (1982), Ind., 438 N.E.2d 750. In *Patterson*, the defendant was charged with second-degree murder. The New York statute provided two elements of this

crime: 1) "intent to cause the death of another person"; and 2) "caus[ing] the death of such person or another person."[1] In addition, the statute permits a person accused of this offense to raise an affirmative defense that he "acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse." Patterson raised this defense but the jury convicted him of the charged offense. On appeal, Patterson argued that the New York statute was unconstitutional in that it shifted the burden of persuasion to him on the issue of whether he acted under the influence of extreme emotional disturbance. The court determined that the affirmative defense "does not serve to negative any facts of the crime which the State is to prove in order to convict of murder. It constitutes a separate issue on which the defendant is required to carry the burden of persuasion." 432 U.S. at 207, 97 S.Ct. at 2325. The court affirmed Patterson's conviction.

The Supreme Court of Indiana has acknowledged that *Patterson* holds, " 'if the affirmative defense specifically negates an element of the crime, then the burden of proof lies on the State to establish ... beyond a reasonable doubt the absence of an affirmative defense or a mitigating factor....' " 438 N.E.2d at 753. The Court further acknowledged that "there is a difference between affirmative defenses that establish separate and distinct facts in mitigation of culpability and affirmative defenses that negate an element of the crime." *Id.*

▮ In the present case Davis was charged under IND. CODE § 35–46–1–5. The statute provides two elements for this crime: 1) knowingly or intentionally, and 2) failing to provide support. Ability to pay is *not* an element of this offense. To strengthen the point that ability to pay is not an element, one need only look to the statute as originally enacted. The statute provided: "A person who, being able, intentionally fails to provide support to his dependent child commits...." 1976 Ind.

Acts P.L. 148 § 6. In 1977 the legislature amended the statute but retained the language and element of "being able." 1977 Ind. Acts P.L. 340 § 88. The legislature again amended the statute in 1978, removing the element of "being able" and adding the defense "that the accused person was unable to provide support." 1978 Ind. Acts P.L. 144 § 9. As being able to provide support is not an element of the charged offense, the defense which the statute provides is thus what *Ward* described as an "affirmative defense that establishes separate and distinct facts in mitigation of culpability." Therefore, according to *Ward*, it is not constitutionally impermissible to require Davis to bear the burden of proving his defense of inability to pay.

Davis next contends that IND. CONST. Art. 1, § 22, which provides there shall be no imprisonment for debt, precludes placing the burden of proof on the accused to demonstrate he could not provide support. In essence, this argument amounts to an attack of the statute as a whole on constitutional grounds for even were the burden on the State to prove Davis' ability to pay, the constitutional challenge against his imprisonment would still be raised.

While the precise constitutional challenge has not yet been presented in Indiana, a similar statute was challenged on the identical grounds in *State v. Reuter* (1984), 216 Neb. 325, 343 N.W.2d 907. Citing a previous decision it had rendered, the Nebraska Supreme Court stated: " 'We do not think the allowance for the support of defendant's minor child bears any resemblance whatever to a debt, and therefore the constitution does not forbid imprisonment for the defendant's refusal to obey the order of the court.' " *Id.* at 330, 343 N.W.2d at 911.

This Court has addressed imprisonment for debts questions in similar contexts. In *Allee v. State* (1984), Ind.App., 462 N.E.2d 1074, this Court discussed and followed the holding of the Supreme Court in *Lower v. Wallick* (1865), 25 Ind. 68. The Court pointed out that *Lower* held imprisonment

1. N.Y. Penal Law § 125.25 (McKinney 1975).

was abolished by the Indiana Constitution only for debts created by contract. The *Lower* Court "went on to state that liability under the Bastardy Act was not founded in contract. Rather, the obligation of a father to maintain his child is founded in nature." 462 N.E.2d at 1076.

■ Following the mandatory authority of *Allee* and the persuasive authority in *Reuter,* it is clear that Davis' support obligations do not constitute a debt, and therefore, the constitutional proscription against imprisonment for debts is inapplicable to his case.

Davis' final contention is that the trial court erred when it failed to give his tendered Final Instruction No. 4. That instruction was as follows:

"If the evidence shows no more than mere carelessness on the part of the defendant in managing his income, or if the evidence shows only that he could have done a better job of managing his money to pay additional support, that would not be sufficient to find that the State has met its burden of proving beyond a reasonable doubt that the defendant knowingly and intentionally failed to support his children."

■ In considering whether any error results from refusal of a tendered instruction, this Court must determine 1) whether the tendered instruction correctly states the law; 2) whether there is evidence in the record to support the giving of the instruction; and 3) whether the substance of the instruction is covered by other instructions which are given. *Sedelbauer v. State* (1983), Ind.App., 455 N.E.2d 1159. Davis contends that the instruction is a correct statement of the law. The State concedes the instruction is a correct statement of the law, but argues that the substance of the instruction was covered by other instructions which were given.

■ Davis' instruction states that carelessness does not prove intentional or knowing conduct. However, the court's Final Instruction No. 14 specifically defines what is intentional conduct and conduct

engaged in knowingly. Davis' tendered instruction is mere surplusage in light of the instruction given by the court. Thus the court did not err in refusing to read it to the jury.

Affirmed.

STATON, P.J., and GARRARD, J., concur.