**Clair BLATCHFORD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 53A01–9606–CR–215.**

Court of Appeals of Indiana.

Nov. 27, 1996.

David A. Collins, Deputy Public Defender, Bloomington, for Appellant–Defendant.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

BAKER, Judge.

Appellant-defendant Clair Blatchford requests this court to reconsider our previous opinion in *Davis v. State,* 481 N.E.2d 434 (Ind.Ct.App.1985), *trans. denied,* in which we held that the defendant had the burden of proving his inability to pay child support instead of the State. In particular, Blatchford contends that his conviction for Nonsupport of a Dependent Child,[1] a Class D felony,

1. IND. CODE § 35–46–1–5.

2. I.C. § 35–46–1–5 was amended in 1996 and now provides that if the amount of unpaid support is greater than $10,000, the offense is ele-

should be set aside because the State did not prove that his failure to pay child support was voluntary or purposeful.

## FACTS

Blatchford married Pamela Robin Blatchford in 1978. On November 17, 1980, the parties had a child, Cori Ann Blatchford. On February 11, 1982, the parties divorced and Blatchford was ordered to pay Robin $30.00 per week for support of his daughter. By 1995, Blatchford had a support arrearage of $16,270.34. As a result, the State charged Blatchford on October 16, 1995, with nonsupport of a dependant child, a class D felony. On March 8, 1996, Blatchford was convicted as charged.

## DISCUSSION AND DECISION

■ Blatchford contends that his conviction for nonsupport of a dependent child should be set aside because the State failed to prove that his failure to pay support was voluntary or purposeful. Blatchford was convicted pursuant to IND. CODE § 35–46–1–5, which provides in relevant part:

(a) A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony....

(d) It is a defense that the accused person was unable to provide support.[2]

Under this statute, the State must prove two elements to sustain its burden of proof: 1) the defendant acted knowingly or intentionally, and 2) the defendant failed to provide support. *Davis,* 481 N.E.2d at 436. Although the statute further provides that inability to pay child support is a defense to the crime, it does not state which party bears the burden of proving that defense.

■ In general, a defendant bears the burden of proving an affirmative defense. However, if the affirmative defense specifically negates an element of the crime, then the burden of proof lies on the State to establish beyond a reasonable doubt the ab-

vated to a Class C felony. However, this amendment is inapplicable to Blatchford's 1995 conviction.

sence of the affirmative defense. *Ward v. State,* 438 N.E.2d 750, 753 (Ind.1982), (citing *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).)[3] A difference exists between facts in mitigation of culpability that are separate and distinct from the elements of the crime and an affirmative defense that negates an element of the crime. *Ward,* 438 N.E.2d at 753. According to Blatchford, the defense of inability to pay falls into the second category because it negates the intent element of the crime of nonsupport of a dependent. In particular, Blatchford contends that if a defendant does not have the ability pay, his failure to pay is involuntary and he is without the requisite intent.

This court has previously considered the propriety of placing the burden of proving the inability to pay child support on a defendant. In *Davis,* 481 N.E.2d 434, we determined that because the ability to pay child support is not an element of the offense of nonsupport, a defendant's inability to pay does not negate an element of the offense. In reaching this decision, we relied on the fact that the legislature had included, and later excluded, the ability to pay as an element of the offense. *Id.* at 436.

 We agree with the *Davis* court and further find that the defense of inability to pay does not negate the element of knowingly or intentionally failing to pay support. The intent required to commit nonpayment of support may be proven by the defendant's knowledge of an outstanding child support order and his refusal to comply with his obligation. The defendant's inability to pay the support does not negate his intent not to pay; rather, it is a justification or defense to the crime charged which, if proven, relieves the defendant from criminal liability. As a result, the burden of proving the defense remains on the defendant.

**3.** In *Ward,* the supreme court considered the constitutionality of placing the burden of proving an insanity defense on the defendant rather than the State. The court held that because the insanity defense did not negate the element of intent to commit the crime, it was not improper for the defendant to bear the burden of proof. *Id.* at 753. However, the defendant is only required to

Here, the State presented evidence that Blatchford was ordered to pay $30.00 per week in child support. Further, the State proved that Blatchford was $16,270.34 in arrears. This evidence is sufficient to support the factfinder's determination that Blatchford knowingly or intentionally failed to provide support.[4] The evidence, therefore, supports Blatchford's conviction.

Judgment affirmed.

ROBERTSON and HOFFMAN, JJ., concur.

prove his insanity by a preponderance of the evidence. IND. CODE § 35–41–4–1.

**4.** In his brief, Blatchford does not request this court to review the sufficiency of his attempt to persuade the jury of his inability to pay.