**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jan 30 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY A. MAY, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1107-CR-697 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1012-FC-303

**January 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a bench trial, Anthony May appeals his conviction of nonsupport of a dependent child, a Class C felony, and his sentence thereon. He raises two issues which we expand and restate as three: 1) whether sufficient evidence was presented to sustain his conviction, 2) whether the trial court abused its discretion in sentencing May, and 3) whether his sentence is inappropriate. Concluding that sufficient evidence was presented, the trial court did not abuse its discretion, and his sentence is not inappropriate, we affirm.

## Facts and Procedural History

May and Jackie Smith had a child together and were married twice and divorced twice since around 1995.[1] As part of the provisional order regarding their second divorce, May was ordered to pay $67.14 per week in child support beginning on October 14, 2005. In November 2005, May made one payment of $200. Effective January 13, 2006, the trial court revised the weekly amount downward to $67 per week in the final order dissolving their marriage. May made only one payment of $70 since the trial court's final order. As of May 9, 2011, May owed $19,228.82. For at least some period after the trial court's final order, May worked and was paid $200 per week.

Prior to his first marriage to Jackie, May was diagnosed with paranoid schizophrenia, a disease which still plagues him. May was able to control this disease to some extent with medication, but over the years he frequently went for long periods without taking his medication. He was committed to and released from a mental health institution on at least three occasions. May had a pattern of managing his illness

---

[1] The exact date of their first marriage is not included in the record.

relatively well for about two to three years at a time, and then experiencing breakdowns in which he would have hallucinations and suffer other mentally debilitating effects.

On December 10, 2010, the State charged May with nonsupport of a dependent child as a Class C felony. Following a bench trial, the trial court found May guilty as charged and entered a judgment of conviction. May did not return his Pre-Sentence Investigation ("PSI") paperwork, so his PSI was based in part on a previous PSI completed in 2001. The trial court sentenced May to eight years with four years suspended to probation. May now appeals. Additional facts will be supplied as appropriate.

<u>Discussion and Decision</u>

I. Sufficiency of the Evidence

A. Standard of Review

Our standard of reviewing a sufficiency claim is well-settled: we do not assess witness credibility or reweigh the evidence, and "we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction." <u>Staten v. State</u>, 844 N.E.2d 186, 187 (Ind. Ct. App. 2006), <u>trans. denied</u>. "We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt." <u>Id.</u>

B. Nonsupport of a Dependent

To convict May of nonsupport of a dependent child as a Class C felony, the State was required to prove beyond a reasonable doubt that May "knowingly or intentionally

fail[ed] to provide support to [his] dependent child," and "the total amount of unpaid support that is due and owing for one (1) or more children is at least fifteen thousand dollars ($15,000)." Ind. Code § 35-46-1-5(a). "It is a defense that the accused person was unable to provide support." Ind. Code § 35-46-1-5(d).

May's sole contention is that "more than mere awareness" of a child support order is required to prove he knowingly failed to provide support. Appellant's Brief at 7. He argues that his "mental illness had impeded him to the extent that he could not understand . . . the seriousness of his obligation"; and as a result, "a 'failure' to fulfill it would [not] constitute 'neglect' or a breach of trust or expectation." Id. at 9. In support of this argument, May points to and reiterates the reasoning in Smith v. State, 945 N.E.2d 740 (Ind. Ct. App. 2011), vacated and trans. granted by 945 N.E.2d 740 (Ind. 2011). The supreme court vacated our opinion in Smith by granting transfer and has not yet filed its opinion. While we decline to rely on the invalid authority of a vacated opinion by our court, we appreciate May's candor in acknowledging the uncommon timing of this case and procedural posture of a case upon which his appellate argument primarily relies. Further, especially given the common authorship of Smith and this case, we are cognizant of the reasoning discussed in Smith, reasoning on which the supreme court has not yet opined.

Nevertheless, this case is distinguishable from Smith. Part of our discussion in Smith concerned whether partial payments constitute a knowing failure to pay that could establish, by a preponderance of the evidence, a violation of probation for nonpayment of child support. Id. at 745-46. Another major portion of Smith concerned allocation of the burden to prove a probationer's ability to pay.

4

This case involves neither of those issues and, unlike Smith, is clearly within the realm of our consistent conclusion that "when the State presents evidence that a child support order was in place and the defendant is in arrears, that evidence is sufficient to support the factfinder's determination that the defendant intentionally failed to provide support." Stephens v. State, 874 N.E.2d 1027, 1035 (Ind. Ct. App. 2007) (citing Blatchford v. State, 673 N.E.2d 781, 783 (Ind. Ct. App. 1996)), trans. denied, cert. denied, 553 U.S. 1039 (2008). In Blatchford, we explained that a defendant's inability to pay support is a justification or defense to the crime charged which, if proven, relieves the defendant from criminal liability. "As a result, the burden of proving the defense remains on the defendant." Blatchford, 673 N.E.2d at 783. Similarly, if May intended to rely on his mental illness as an excuse or justification for an inability to pay, he failed to meet his burden of proof. He concedes he did not satisfy his burden to prove an inability to pay. Appellant's Br. at 6.

"A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-1-1(b). Neither "intentionally" nor "knowingly" require or even allude to a defendant's understanding of the seriousness of his or her obligation to act. A defendant need not understand, intend, or know of any effects of his or her action. Intentionally and knowingly refer to what defendants personally do, not what they understand would or might happen; it is irrelevant that such a scenario might be beyond their control or understanding.

5

Ultimately, we conclude that sufficient evidence was presented to support May's conviction for four reasons: 1) because of the applicability of Stephens and Blatchford, 2) because we disagree with May's argument that he must have understood the seriousness of his obligation to pay child support to be criminally liable for his failure to do so, 3) because May did not make payments even when he was working, and 4) because May does not raise any other issues as to the sufficiency of the evidence presented.

## II. Sentencing

### A. Abuse of Discretion

A trial court may abuse its discretion in sentencing by failing to enter a sentencing statement, entering findings of aggravating and mitigating factors unsupported by the record, omitting factors clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law. Anglemyer v. State, 868 N.E.2d 482, 490-91 (Ind. 2007), clarified on reh'g., 875 N.E.2d 218 (2007). "When one or more aggravating circumstances cited by the trial court are invalid, the court on appeal must decide whether the remaining circumstance or circumstances are sufficient to support the sentence imposed." Cotto v. State, 829 N.E.2d 520, 525 (Ind. 2005). If we cannot say with confidence that the trial court would have imposed the same sentence without considering the improper aggravating circumstance or circumstances, remand for resentencing may be the appropriate remedy. Anglemyer, 868 N.E.2d at 491.

May first contends the trial court abused its discretion in failing to consider his mental illness in sentencing him. We disagree. First, it is apparent to us that, while evidence of the extent of May's mental illness permeates the record, neither May nor his attorney mentioned his mental illness at the sentencing hearing. Rather, at the sentencing

6

hearing his mental illness was discussed only by the State and acknowledged by the trial court. Accordingly, we deem this argument waived. See Simms v. State, 791 N.E.2d 225, 233 (Ind. Ct. App. 2003) ("If the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the circumstance is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal."). In any event, it appears from the transcript of the sentencing hearing, when considered as a whole, that the trial court considered May's mental illness to be insignificant as a mitigating factor.

May also contends the trial court abused its discretion in considering his drug use to be a significant aggravating factor because, he argues, the evidence regarding his drug use is inadequate. Again we disagree. The trial court incorporated the PSI into the record. The PSI notes that, according to an earlier PSI, May claimed to have been spending about $1,000 per week on cocaine and also used marijuana and consumed alcohol daily. The PSI also states that May "also claimed to have used marijuana and cocaine while in prison and that he continued to use them upon his release." Appellant's App. at 30A. The record also reveals May's habit of drug use that has spanned several decades and leads to a reasonable inference by the trial court that May continued to use drugs. The PSI and this reasonable inference are sufficient to support his drug use as an aggravating factor.

May also argues the trial court abused its discretion in using a PSI from 2001. This was not an abuse of discretion because May failed to cooperate by completing paperwork to update the 2001 PSI. Unlike the cases he cites in his appellate brief, there was no suggestion during his sentencing and there is no suggestion on appeal that the

2001 PSI which was used was inaccurate.  See Carmona v. State, 827 N.E.2d 588, 599 (Ind. Ct. App. 2005); Wooley v. State, 716 N.E.2d 919, 932 (Ind. 1999); see also Woodcox v. State, 591 N.E.2d 1019, 1024 (Ind. 1992) (stating that a defendant challenging a deficient PSI must demonstrate how he was prejudiced by the deficiency to warrant a remand for resentencing), abrogated on other grounds by Richardson v. State, 717 N.E.2d 32, 49 & n.36 (Ind. 1999).  Accordingly we conclude that the trial court did not abuse its discretion in sentencing May.

## B.  Inappropriate Sentence

This court has authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Ind. Appellate Rule 7(B).  We may "revise sentences when certain broad conditions are satisfied," Neale v. State, 826 N.E.2d 635, 639 (Ind. 2005), and we recognize the advisory sentence "is the starting point the legislature has selected as an appropriate sentence for the crime committed."  Weiss v. State, 848 N.E.2d 1070, 1072 (Ind. 2006).  When examining the nature of the offense and the character of the offender, we may look to any factors appearing in the record.  Spitler v. State, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009), trans. denied.  The burden is on the defendant to demonstrate that his sentence is inappropriate.  Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).  Appellate review is largely an "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case."  Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).  May was convicted of nonsupport of a dependent child as a Class C felony and was sentenced to serve eight

8

years, with four years suspended.  The sentencing range for a Class C felony is two to eight years, with an advisory sentence of four years.  Ind. Code § 35-50-2-6.

As to the nature of the offense, May concedes that his failure to make payments of almost $20,000 forced his child and ex-wife to make significant financial sacrifices, and that for at least part of this time he was earning $200 in cash per week.  He appears to argue that the nature of the offense is somewhat less serious because the State attempted to collect through the civil contempt process only once.  While we acknowledge that his mental illness mitigates the nature of the offense somewhat, and the income that he hid from his child and ex-wife is quite meager, these do not make his sentence inappropriate.

As to May's character, the primary considerations from the record are his history of mental illness and his history of criminal behavior.  As mentioned above, we acknowledge the severity and long duration of his mental illness.  In determining whether his eight year sentence is inappropriate, however, we are drawn to the lengthy, consistent, and significant history of May's criminal behavior.  Since 1978 he has been arrested for sixty-five offenses: incorrigibility, criminal trespass, two counts of public intoxication, three counts of shoplifting, attempted theft, three counts of theft, ten counts of vehicle theft, attempted burglary, burglary of a school, ten counts of burglary, six counts of criminal conversion, three counts of receiving stolen property, battery, escape, criminal recklessness, possession of cocaine, possession of a sawed off shotgun, two counts of invasion of privacy, two counts of leaving the scene of an accident, improper tail lights, two counts of operating while suspended, operating without financial responsibility, open container in passenger seat, failure to display license, disregarding stop sign, false informing, perjury and false swearing, four counts of forgery, and resisting law

9

enforcement. Regardless of his mental illness, this criminal history demonstrates May's inability to abide by the rule of law. This history also demonstrates that May has a habit of regularly engaging in conduct that is harmful to those immediately around him and the community at large. Given this record, we do not conclude that his sentence is inappropriate in light of the nature of his offense and character.

## Conclusion

Sufficient evidence was presented to sustain May's conviction of nonsupport of a dependent child. The trial court did not abuse its discretion in sentencing him, and his sentence is not inappropriate.

Affirmed.

NAJAM, J., and VAIDIK, J. concur.